IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40289
Summary Calendar

_____

WENDELL M. ROBERSON,

Plaintiff-Appellant,

versus

WEXFORD HEALTH SERVICES, INC.; LORA H. SHAW, LVN;
DOES, 1 THROUGH 10, Unknown Defendants, Inclusive,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
(C-96-CA-411)

_____

December 31, 1997
Before GARWOOD, DeMOSS and PARKER, Circuit Judges.[*]

PER CURIAM:

Wendell M. Roberson, Texas inmate #443120, proceeding *pro se*

and *in forma pauperis* (IFP), appeals the dismissal of his civil

rights lawsuit against Wexford Health Services, Inc., Nurse Lora

Shaw, Roche Biomedical Laboratories, and other unknown defendants.

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Roberson alleged in the district court that the defendants forced him to give blood for testing, defamed him by publishing false positive results of the blood test, and delayed in providing the results of a blood test. Roberson alleged that the defendants conspired to use him for medical experimentation and violated his constitutional rights to due process, to be free from unreasonable searches, to privacy, and to assembly. Roberson also raised numerous purported causes of action under state law.

Following a *Spears*[1] hearing, the district court dismissed all of Roberson's claims with prejudice, as frivolous, pursuant to 28 U.S.C. § 1915(d), now section 1915(e)(2)(B)(i). The district court determined that Roberson's factual allegations did not state a constitutional violation.

On appeal, Roberson fails to reassert his claims that the defendants violated his right of assembly and that the defendants intentionally gave him false positive blood test results. Roberson has abandoned these claims by failing to assert them in this Court. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (issues not asserted on appeal are abandoned). Also, by failing to brief properly his claim that the defendants violated his Fourth Amendment rights, Roberson has abandoned that claim as well. *See Evans v. City of Marlin, Texas*, 986 F.2d 104, 106 n.1 (5th Cir. 1993) (issues not raised or briefed are

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

considered abandoned); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (party may not adopt previously filed arguments by reference).

Roberson's contention that his case was dismissed on summary judgment is erroneous. The district court dismissed his case under section 1915(e)(2)(B)(i). Roberson was notified that the *Spears* hearing would involve the presentation of evidence. Roberson was afforded a thorough *Spears* hearing; he has not shown that the district court erred by failing to allow him to further develop his claims factually. *See Spears*, 766 F.2d at 181-82 (purpose of *Spears* hearing is to allow a *pro se* plaintiff to develop his allegations factually so district court can determined whether plaintiff has alleged an arguable constitutional claim).

Roberson is mistaken in his contention that the district court cannot dismiss a 42 U.S.C. § 1983 lawsuit if part of the filing fee has been paid. Section 1915(e)(2) provides that notwithstanding the payment of any filing fee or a portion thereof, the district court shall dismiss cases, at any time, that are determined to be frivolous or that fail to state a claim.

Roberson lacks standing to challenge the alleged use of inmates for medical experimentation. *See Wendt v. Lynaugh*, 841 F.2d 619, 619 n.1 (5th Cir. 1988) (inmate had no standing to assert claim that some other prisoners were being forced to work beyond their physical capabilities). Roberson's conclusional allegations

3

that the defendants conspired to use him for medical experimentation do not support an action under section 1983. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).

The district court's denial of Roberson's claims that the defendants delayed in providing medical treatment, misdiagnosed him by reporting to him a false positive blood test result, defamed him by publishing his false positive blood test result, and invaded his privacy by forcing him to give blood is affirmed for essentially the reasons stated by the district court. *See Roberson v. Wexford Health Services, Inc.*, No. C-96-CA-411 (S.D. Tex. Dec. 19, 1996).

The district court properly refused to exercise supplemental jurisdiction over Roberson's state law claims. 28 U.S.C. § 1367(c)(3); *Rhyne v. Henderson County*, 973 F.3d 386, 395 (5th Cir. 1992). However, the judgment of the district court will be amended to dismiss Roberson's state law claims without prejudice. *See Hamill v. Wright*, 870 F.2d 1032, 1038 (5th Cir. 1989) (modifying dismissal of state law claim to be without prejudice, except as to filing in federal court). The judgment is hereby modified accordingly.

The district court's dismissal with prejudice of Roberson's federal claims was proper because Roberson's allegations could not be cured by amendment. *See Graves v. Hampton*, 1 F.3d 315, 318-19 (5th Cir. 1993) (if the allegations in the complaint are legally or factually insufficient and cannot be cured by an amendment, an IFP

4

dismissal may be with prejudice).

The judgment is MODIFIED to be a dismissal without prejudice as to the state law claims only; the dismissal with prejudice of all other claims is affirmed without modification.  As so modified, the judgment is AFFIRMED.